Marlin D. Jackson Bank Commissioner #1 Capitol Mall — 6D-305 Little Rock, AR 72201
Re: EMERGENCY ACQUISITION BY A BANK HOLDING COMPANY
Dear Commissioner Jackson:
This is in response to your request for an opinion of Ark. Stat. Ann. 67-2114(c) (Supp. 1983) and the manner of considering each class of prospective bidder on a failed financial institution.
The provision that you have cited provides a mechanism for bank holding companies to acquire a financial institution which has failed and which either the State of Arkansas or the United States agency having regulatory control of the institution has determined that an emergency exists with regard to that institution and has solicited bids for the acquisition of its assets.
In the particular provision that you cite, applications may be submitted by four different classes of bank holding companies and commercial banks. Class A applicants are commercial banks or bank holding companies whose main offices are in the same town or city as the home office of the institution to be acquired. Class B applicants are those commercial banks or bank holding companies whose main offices are in the same county as the home office of the institution to be acquired. Class C applicants are those commercial banks or bank holding companies whose main office is in an adjacent county to the home office of the institution to be acquired, and Class D applicants are all applicants, commercial banks and bank holding companies other than Class A, B or C applicants.
The statute is very clear by its own terms that the applications are to be taken in order of their rank, i.e., all Class A applicants must be reviewed before any Class B applicant can be considered. Accordingly, all Class B applicants must be reviewed before any Class C applicant can be considered. If in the opinion of the Commissioner no applicant in Class A, B or C has made an adequate proposal, then and only then shall Class D applicants be considered.
While these provisions may be in conflict with other provisions of the State Banking Law, they are instituted only in emergency situations and would presumably override any conflicts there might be with other provisions of the Act due to the emergency situation under which they would be implemented and the necessity of the transfer of the assets of a bank on a very rapid basis.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Robert R. Ross.